UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL HANNON, | : | |
|     Plaintiff, | : | CASE NO. 3:15-cv-583 (JAM) |
| | : | |
| v. | : | |
| | : | |
| SCHULMAN AND ASSOCIATES, et al., | : | |
|     Defendants. | : | |

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. Plaintiff Michael Hannon has long been a prisoner in the custody of the Connecticut Department of Correction. He believes that he has been denied under *Bounds v. Smith* his right of access to an adequate law library and to adequate legal assistance to allow him to file court challenges to what he alleges are unconstitutional conditions of confinement. Accordingly, he has filed this lawsuit under 42 U.S.C. § 1983 against the Commissioner of the Department of Correction as well as against an attorney and a law firm that are under contract with the Department of Correction to furnish legal assistance to prisoners through the Inmates' Legal Assistance Program.

I will dismiss the complaint for several reasons. First, most of the named defendants—the attorney, his law firm, and the Inmates' Legal Assistance Program—are not state actors who may be subject to constitutional liability under Section 1983. Only the Commissioner is potentially subject to suit under Section 1983 in his individual capacity. Second, the complaint lacks

requisite allegations to support a Section 1983 claim for denial of a prisoner's constitutional right of access to the courts. It lacks adequate allegations concerning the specific claims that plaintiff has been impeded from or unable to pursue. Lastly, the complaint lacks adequate allegations of the Commissioner's personal involvement or responsibility and how his conduct impeded or prevented plaintiff from filing or maintaining a court claim. The complaint will be dismissed but with leave to file a motion to reopen with an amended complaint within 30 days.

## BACKGROUND

Plaintiff has filed this lawsuit *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. He names the following four people and entities as defendants in their official and individual capacities: the law firm of Schulman and Associates, attorney Sydney T. Schulman, the Inmates' Legal Assistance Program (which is administered under contract with the State of Connecticut by the law firm of Schulman and Associates), and Scott Semple (who is the Commissioner of the Connecticut Department of Correction).

The following allegations from plaintiff's complaint are accepted as true for purposes of this ruling. Plaintiff has been serving a 25-year term of imprisonment since at least 1997, and he is presently incarcerated at the Osborn Correctional Institution. The Connecticut Department of Correction has contracted with attorney Schulman to provide legal assistance and access to the courts for Connecticut inmates, including for inmate claims that challenge the conditions of confinement. Attorney Schulman and his law firm provide this assistance through a program known as the Inmates' Legal Assistance Program. The Inmates' Legal Assistance Program does not help all prisoners who request assistance but applies a "personal standard of review" to determine whether it will assist a prisoner with his claim. Doc. #1 at 14, ¶ 11; *see also Smith v.*

*Armstrong*, 968 F. Supp. 40, 45–46 (D. Conn. 1996) (describing contract with Schulman & Associates to administer the Inmates' Legal Assistance Program).

Since 1997, plaintiff has contacted the Inmates' Legal Assistance Program for assistance but has been denied every time. Doc. #1 at 15, ¶ 12. The Inmates' Legal Assistance Program "has applied their personal standard of review . . . each time I sought to meaningfully access the courts by way of assistance from them." *Id.* at 15, ¶ 13. According to plaintiff, because of the lack of assistance from the Inmates' Legal Assistance Program, "I lost almost every case as a result of them not fulfilling their legal obligations." *Id.* at 15, ¶ 14.

Plaintiff further alleges that "I have been denied meaningful access to the courts on several cases in which I wanted to challenge actions and conditions of D.O.C. staff and facilities because Inmate Legal Assistance to prisoner attorneys and paralegals would not gather evidence that was available to them in my master file or of which they could obtain from sources that had this information and evidence." *Id.* at 16, ¶ 17. He also alleges that "Inmate Legal Assistance has denied me assistance on cases I have been able to get into the court as well, and would do nothing at all to advise, investigate the filed case, engage in document preparation and drafting, assist me in research, or motion practice and I suffered the loss to continue bring[ing] the claims or they were dismissed." *Id.* at 17, ¶ 18.

Plaintiff otherwise alleges that, because he has been denied service from the Inmates' Legal Assistance Program, he has been "victimized over and over again by the unconstitutional acts against me by D.O.C. staff" to retaliate against him, to deny him use of a law library, to deny him access to the courts, to deny him medical treatment, and to subject him in numerous ways to conditions of confinement that are cruel and unusual. *Id.* at 17–18, ¶ 19. He further

3

alleges that he "presently" has "several cases" for which he needs assistance but that he must "navigate this process without assistance from inmate legal assistance to prisoners, or the access [to] a adequate law library." *Id.* at 18, ¶ 20.[1]

Plaintiff seeks a broad range of relief. He seeks injunctive relief to require "fully functioning law libraries and/or at minimum immediately provide computers supplying lexis nexis so to provide for legal research, cases, [and] other information, as well as access to the Connecticut General Statutes, Connecticut Practice Book, and as needed and when notified other books, supplies and resources if litigation moves beyond the hearing on the restraining order in favor of Plaintiff." *Id.* at 10, ¶ 1(A). He further requests an injunction to prohibit defendants from "mandating some preliminary showing or standard before an inmate/me can receive legal assistance." *Id.* at 10, ¶ 1(B); *see also id.* at 11, ¶ 1(C)(1) (same). He also seeks a declaration that the contract between Sydney T. Schulman and the State of Connecticut is unconstitutional and asks that a new contractor be found. *Id.* at 11–12, ¶ 1(C)(2) & (D)(2). And he seeks nominal as well as punitive damages.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must conduct an initial review of prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. In reviewing the adequacy of a complaint, the Court must

---

[1] Plaintiff has filed a separate lawsuit that is on my docket and that alleges mistreatment by numerous correctional officers while he was at other prison facilities. *See Hannon v. Ford*, 2015 WL 918717, at *1 (D. Conn. 2015) (initial review order pursuant to 28 U.S.C. § 1915A).

accept as true all factual matters that are alleged, although a complaint may not survive unless the facts as alleged state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). Nevertheless, it is well established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (*per curiam*) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*per curiam*)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

Plaintiff's complaint implicates at least two threshold legal questions. The first is whether defendants are state actors or persons who may be subject to suit under 42 U.S.C. § 1983. The second is whether plaintiff has properly pleaded a claim of denial of his right of access to the courts. I will address each of these in turn.

### *1. Whether Defendants Schulman and Associates, Attorney Sydney T. Schulman, and the Inmates' Legal Assistance Program Are Subject to Liability under 42 U.S.C. § 1983*

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that each defendant is a person who acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) ("[A] legal aid society ordinarily is not a state actor amenable to suit under § 1983."); *Damato v. Tsimbidaros*, 2015 WL 1125508, at *1 (D. Conn. 2015) (dismissing inmate's § 1983 claim against attorneys

appointed to represent him).

As many of my colleagues have previously concluded, the same reasoning applies to a lawsuit against the Inmates' Legal Assistance Program and the attorneys who furnish such services. *See, e.g.*, *Barfield v. Milling*, 2015 WL 1737671, at *5 (D. Conn. 2015) (law firm of Schulman and Associates not a state actor subject to suit under § 1983); *De La Garza v. Lantz*, 2009 WL 507044, at *2–3 (D. Conn. 2009) (same for attorney Schulman and other attorney with Inmates' Legal Assistance Program); *Page v. Lantz*, 2005 WL 2548254, at *3–4 (D. Conn. 2005) (same for attorney Schulman and the Inmates' Legal Assistance Program). Accordingly, I will dismiss the complaint with prejudice as to defendants Schulman and Associates, attorney Sydney T. Schulman, and the Inmates' Legal Assistance Program on the ground that they are not "state actors" who may be subject to suit under Section 1983.[2]

### *2. Whether Plaintiff Has Properly Pleaded a Denial-of-Access-to-Courts Claim*

As noted above, the Supreme Court ruled in *Bounds v. Smith*, 430 U.S. 817 (1977), that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. Some years later, however, the Supreme Court made clear that, "[b]ecause *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish

---

[2] I need not consider whether the Inmates' Legal Assistance Program is otherwise a legally discrete entity that qualifies as a "person" subject to suit under 42 U.S.C. § 1983. As to defendant Commissioner Scott Semple, a state official who is sued in his official capacity is not a "person" subject to liability under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989). Accordingly, any claim under § 1983 that might be asserted against the Commissioner may proceed only as an individual-capacity claim.

relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Instead, the inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Ibid.*

Accordingly, an inmate "might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known." *Ibid.* Alternatively, he might show "that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint." *Ibid.*; *see also Bourdon v. Loughren*, 386 F.3d 88, 93 (2d Cir. 2004) (summarizing standards applied to a prisoner's denial-of-access-to-courts claim).[3]

More recently still, the Supreme Court has clarified what a complaint that alleges a denial-of-access-to-courts claim must allege as to the underlying claims that have been allegedly prevented or impeded. "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation," and "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant."

---

[3] The Court also made clear that a prisoner's denial-of-access-to-courts claim does not apply to any kind of claims that a prisoner might wish to litigate, but only to claims involving challenges to a conviction or sentence or to conditions of confinement. *See Lewis*, 518 U.S. at 355. In addition, a prisoner's right to be free from conduct that impedes his ability to bring a claim in court does not mean that "the State must enable the prisoner to *discover* grievances, and to *litigate effectively* once in court." *Lewis*, 518 U.S. at 354; *see also Bourdon*, 386 F.3d at 98 ("[W]hen a prisoner with appointed counsel claims that he was hindered by prison officials in his efforts to defend himself or pursue other relevant legal claims, he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts, not that he was denied effective representation in the court.").

*Christopher v. Harbury*, 536 U.S. 403, 415, 416 (2002). Moreover, because the Constitution does not protect the right to file legally frivolous complaints, "the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416. Thus, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Id.* at 417–18 (footnote omitted).

In addition, it is not enough simply to allege the existence of an underlying complaint and the inadequacy of the prison library or other legal assistance. Rather, a complaint should also set forth facts showing that the failure to furnish access to a law library or the assistance of legal counsel actually caused prejudice to plaintiff's ability to file or maintain a claim. That is because "a plaintiff cannot prevail on a right of access to courts claim unless he can show that the defendants' conduct prevented him from filing a potentially successful claim in court." *Brown v. Choinski*, 2011 WL 1106232, at *5 (D. Conn. 2011); *see also Page v. Lantz*, 2007 WL 1834519, at *5 (D. Conn. 2007) (noting that plaintiff "has provided no evidence that Defendants' actions prevented him from filing a petition or appeal, or caused him to miss a deadline or otherwise fail to comply with an order from any court").

Here, the complaint is plainly inadequate with respect to its allegations concerning the specifics of any underlying causes of action that have been impeded by defendants' alleged misconduct. Plaintiff does no more than catalog the types of claims he might have brought but without alleging specific dates and facts in accordance with Fed. R. Civ. P. 8(a) of each claim that he was prevented or impeded from pursuing. In addition, because of the complaint's sparse

allegations, there is no way to ascertain if the claims that allegedly have been impeded were altogether frivolous and how—if at all—misconduct by a state actor impeded or prevented plaintiff from pursuing a non-frivolous claim.

Moreover, plaintiff alleges that he has been denied assistance to legal services since 1997. There is no indication whether actionable constitutional misconduct has occurred with respect to specific non-frivolous claims within the three-year limitations period for a § 1983 claim. *See, e.g.*, *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994).

Finally, as to the one remaining state actor defendant, the complaint does not allege any facts to indicate Commissioner Semple's personal involvement or responsibility for any constitutional harm that plaintiff has sustained. *See Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014) (noting that "liability for supervisory government officials cannot be premised on a theory of *respondeat superior* because § 1983 requires individual, personalized liability on the part of each government defendant" and that "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *see also Page*, 2005 WL 2548254, at *6 (dismissing inmate's denial-of-access-to-courts claim against various state prison officials because complaint lacked facts necessary to ascertain nature of underlying medical treatment claim and because complaint lacked facts explaining how each defendant's actions contributed to his inability to file an appeal).

## CONCLUSION

In accordance with the foregoing analysis, the Court enters the following orders:

(1)     The complaint is DISMISSED pursuant to 28 U.S.C. § 1915A with prejudice as to all claims against defendants Schulman and Associates, attorney Sydney T. Schulman, and Inmates'

Legal Assistance Program and without prejudice as to the claim against Commissioner Semple in his individual capacity.

(2) The Clerk is directed to enter judgment and close this case.

(3) On or before **July 1**, **2015**, plaintiff may file a motion to reopen this case accompanied by an amended complaint if he can allege facts in good faith that set forth plausible grounds for relief with respect to his claim of denial of access to the courts. If plaintiff chooses to file an amended complaint, he shall identify specific facts and dates supporting any underlying cause of action that he alleges is or has been impeded by his lack of access to an adequate law library and assistance from the Inmates' Legal Assistance Program. The amended complaint may not name as a defendant any non-state-actor defendant who has been dismissed with prejudice as a defendant in this case. As to any state-actor defendant that may be named in an amended complaint, plaintiff shall plead facts showing their involvement and responsibility for the unconstitutional conduct he has allegedly sustained.

    **SO ORDERED** this 1st day of June 2015 at Bridgeport, Connecticut.

                                    /s/ *Jeffrey Alker Meyer*
                                    Jeffrey Alker Meyer
                                    United States District Judge